## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CHRIS ISENGARD,

       Plaintiff,

vs.                                                                                   No. CIV 08-0300 JB/RLP

NEW MEXICO PUBLIC EDUCATION
DEPARTMENT, DIVISION OF VOCATIONAL
REHABILITATION, GARY BEENE,
CELESTINO JARAMILLO, and GARY
CORDOVA, in their individual capacities,

       Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the DVR's Motion for Partial Summary

Judgment on the Pleadings, filed January 20, 2009 (Doc. 56).  The Court held a hearing on March

5, 2009.  The primary issues are: (i) whether New Mexico's sovereign immunity law allows a claim

for breach of the implied covenant of good faith and fair dealing against a state entity; and (ii)

whether the count for implied covenant of good faith and fair dealing in this case is viable.  Because

Plaintiff Chris Isengard has pled some facts to support a breach-of-contract claim, the Court will not

dismiss Count I of his Complaint entirely.  The Court finds, however, that Isengard cannot maintain

a suit for breach of the covenant of good faith and fair dealing against Defendant New Mexico

Public Education Department, Division of Vocational Rehabilitation ("DVR") for his termination.

 The Court will therefore dismiss the claim to the extent it relates to any alleged breach of the

covenant of good faith and fair dealing for terminating Isengard.

### FACTUAL BACKGROUND

Courts generally cannot consider matters outside the pleadings in ruling on a motion under

rule 12(b)(6) of the Federal Rules of Civil Procedure and, by extension, on a motion for judgment on the pleadings.  If a plaintiff, however, does not incorporate by reference or attach a document to his complaint to which the complaint refers, and the document is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court.  Accordingly, in discussing the factual background, the Court will consider the contract that is at issue in this motion.  The Court also considers Isengard's factual allegations in his Complaint as true, as it must on this motion for judgment on the pleadings.

Isengard formerly worked as an independent contractor for the DVR.  He was responsible for providing support to the State Independent Living Council, a group that the Governor appointed to address issues related to independent living for people with disabilities.  The contract between Isengard and the DVR provided that either party could terminate the contract on ten-days notice. See DVR's Amended Answer of Defendants New Mexico Public Education Department, Division of Vocational Rehabilitation, Gary Beene, and Celestino Jaramillo ¶ 10, at 3, filed June 20, 2008 (Doc. 20)("Answer"); State of New Mexico Department of Education Division of Vocational Rehabilitation Professional Services Contract #05-644-1000-0019 at 3 (dated October 4, 2004)("Contract").

In April 2004, Defendant Gary Beene requested that Isengard transfer federal funds from the Independent Living Services program to the Rehabilitation Services program so that the Rehabilitation Services Program could have those transferred funds matched by federal dollars. See Complaint ¶ 12, at 3.  Isengard told Beene that he opposed such a transfer because he believed it violated the State Plan for Independent Living and state law.  See Complaint ¶ 13, at 3. Approximately a month after Isengard refused to conduct the transfer, Beene notified Isengard that his contract would be audited.  See id. ¶ 14, at 3.  At the request of Beene and of Defendant

Celestino Jaramillo, Isengard furnished copies of all invoice files for the period from July 2005 through May 2006, his accounting software database for the contract period, and bank statements for the same period.  See id. ¶ 17, at 4.  Jaramillo then questioned Isengard about several audit-related matters, and Isengard responded by providing Jaramillo with additional information and reports.  See id. ¶ 19, at 4.

Based on the review, Jaramillo and Beene referred the audit to the Office of Inspector General with Defendant New Mexico Public Education Department ("NMPED").  See id. ¶ 20, at 4.  Defendant Gary Cordova performed an audit on behalf of the Office of Inspector General.  See id. ¶ 21, at 4.  On October 3, 2006, Jaramillo notified Isengard of the results of the draft audit and gave him until October 18, 2006 to rebut the preliminary findings of the draft audit, which asserted that Isengard has more than $75,000.00 in unsupported and questioned costs under his contract with DVR.  See id. ¶ 23, at 4-5.  On October 6, 2006, twelve days before the deadline for Isengard to respond and to rebut the draft audit findings, Beene terminated Isengard's contract.  See id. ¶ 25, at 5.  Isengard alleges that the DVR and Beene have refused to pay him approximately $25,000 for work performed and billed under Isengard's contract.  See Complaint ¶ 30, at 6.

## PROCEDURAL BACKGROUND

Isengard originally brought this lawsuit in state court, alleging three counts: (i) breach of contract, see Complaint for Breach of Contract and Violation of Civil Rights ¶¶ 32-35, at 6-7, filed in federal court March 20, 2008 (Doc. 1-2)("Complaint"); (ii) violation of his First-Amendment rights, see id. ¶¶ 36-40, at 7; and (iii) violation of his liberty interest, see id. ¶¶ 41-45, at 7-8.  On March 20, 2009, the Defendants removed the case to federal court.  See Notice of Removal at 1, filed March 20, 2009 (Doc. 1).  As the basis for federal jurisdiction, the Defendants point out that Isengard has alleged claims against them under 42 U.S.C. § 1983 and § 1988.   See Notice of

-3-

Removal at 1-2.

Isengard alleges in Count I of his Complaint that the DVR terminated its contract with him in bad faith, and therefore is liable for breach of contract and breach of the implied covenant of good faith and fair dealing.  See Complaint ¶ 34, at 2.  Isengard has not alleged that the DVR failed to provide the notice that the contract required before terminating the contract.  Isengard seeks compensatory and consequential damages for the alleged breach.  See Complaint ¶ 35, at 2.

The DVR moves the Court for judgment on the pleadings on Isengard's breach-of-contract claim.  The DVR asserts two arguments in support of its motion for judgment on the pleadings. First, DVR contends that, while the covenant of good faith and fair dealing is something courts use to create implied contractual obligations, the New Mexico Tort Claims Act precludes suit against state entities on contract claims other than for breach of the terms of a written agreement.  See Motion at 2-3.  The DVR asserts that Isengard's suit is necessarily rooted in the covenant of good faith and fair dealing, and therefore foreclosed against state entities.  See id.

Second, the DVR argues that the covenant of good faith and fair dealing cannot override the terms of the contract, which allow the DVR the right to terminate its contract with Isengard "'for any reason whatsoever.'"  Motion at 2 (quoting Contract at 3).  According to the DVR, the case law in New Mexico establishes that a party who agrees that a contract can be terminated for any reason cannot later ask a court to judge the merits of the other party's decision to terminate.  See id. at 8. The DVR asserts the contract term allowing termination for any reason makes this case like others in which New Mexico courts have declined to allow suit based on the covenant of good faith and fair dealing where one party exercises the right to terminate the other party for any reason.  See Motion at 8.

Isengard responds that NMSA 1978 § 37-1-23A does not preclude his suit because he is

-4-

suing for breach of the covenant of good faith and fair dealing, which is inherent in his written contract with DVR.  See Plaintiff's Response in Opposition to DVR's Motion for Partial Judgment on the Pleadings at 3, filed February 4, 2009 (Doc. 57)("Response").  Isengard insists that, because the covenant of good faith and fair dealing is contained in the written contract, his claim against the DVR is an "action based upon a valid written contract" within the meaning of NMSA 1978 § 37-1-23A.  Response at 3.

Isengard acknowledges that the covenant of good faith and fair dealing cannot be used to override the express terms of a contract.  See Response at 6.  Isengard contends, however, that his claim for breach of the covenant of good faith and fair dealing is not premised on the act of termination, but on the acts leading up to and upon which the termination of his contract was based. See Response at 7.  Isengard states that there are three aspects to his breach-of-contract claim.  First, he argues that the DVR breached its contract by failing to pay him for work he performed under the contract.  Second, he asserts that DVR failed to pay him for the costs of closing out the contract after the contract had been terminated.  Third, Isengard contends that DVR breached the covenant of good faith and fair dealing.  See Response at 2.

In reply, the DVR disputes Isengard's suggestion that New Mexico's appellate courts have already decided that claims under the covenant of good faith and fair dealing can be brought against state entities.  See Reply in Support of Motion for Partial Judgment on the Pleadings at 1-2, filed February 18, 2009 (Doc. 59)("Reply").  The DVR maintains that the case law upon which Isengard relies does not support allowing such claims.  See id. at 2.

The DVR also characterizes Isengard's response regarding the inability to use the covenant of good faith and fair dealing to override an at-will termination clause as an "effort to distance himself from the straightforward acknowledgment in his complaint that his claim for breach of the

covenant is based on the DVR's alleged bad faith in terminating his contract."  Reply at 2.  Thus, according to the DVR, Isengard draws a "false distinction between the decision to terminate the contract and the issues he contends the DVR relied on to make that decision."  Reply at 2.  The DVR maintains that it had the right to terminate the contract with Isengard for any reason, and that Isengard's claim under the covenant of good faith and fair dealing therefore fails as a matter of law. See Reply at 2.

At the hearing, Isengard conceded that he has not alleged that the DVR breached the termination clause by failing to provide the proper notice.  See Transcript of Hearing at 15:24-16:3 (taken March 5, 2009)(Court & Westbrook)("Tr.").[1]  The DVR argued at the hearing that the Complaint does not clearly allege breach-of-contract issues separate from the termination.  See Tr. at 14:24-15:7 (Baker).  Moreover, the DVR argued that, even if a claim for breach of the covenant of good faith and fair dealing can lie against a state entity, such a cause of action should be narrowly circumscribed.  See id. at 14:1-4 (Baker).

## STANDARDS FOR DISMISSAL UNDER RULE 12(c)

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  A rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties.  See Kruzitis v. Okuma Mach. Tool, Inc., 40 F.3d 52, 54 (3d Cir. 1994)("Under Rule 12(c), we will not grant judgment on the pleadings unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.")(internal quotation marks omitted).   A "[j]udgment on the pleadings should not be granted 'unless the moving party

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" Park Univ. Enterprises, Inc. v. Am. Cas. Co. of Reading, Pa., 442 F.3d 1239, 1244 (10th Cir. 2006)(citing United States v. Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000)).

"Any party may move for judgment on the pleadings if no material facts are in dispute and the dispute can be resolved on both the pleadings and any facts of which the Court can take judicial notice." Ramirez v. Wal-Mart Stores, Inc., 192 F.R.D. 303, 304 (D.N.M. 2000)(citing Fed. R. Civ. P. 12(c)). A motion pursuant to rule 12(c) is generally treated in the same manner as a motion to dismiss under rule 12(b)(6). See Ramirez v. Wal-Mart Stores, Inc., 192 F.R.D. at 304 (citing Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638, 644 (2d Cir. 1998)).  A motion for a judgment on the pleadings will be granted if the pleadings demonstrate that the moving party is entitled to judgment as a matter of law. See Ramirez v. Wal-Mart Stores, Inc., 192 F.R.D. at 304.

A court considering a motion for judgment on the pleadings should "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." Park Univ. Enterprises, Inc. v. Am. Cas. Co. of Reading, Pa., 442 F.3d at 1244.  The court must view the facts presented in the pleadings and draw the inferences therefrom in the light most favorable to the nonmoving party.  See Ramirez v. Wal-Mart Stores, Inc., 192 F.R.D. at 304. All of the nonmoving parties' allegations are deemed to be true, and all of the movants' contrary assertions are taken to be false.  See Nat'l Metro. Bank v. United States, 323 U.S. 454, 456-57 (1945); Ramirez v. Dep't of Corr., 222 F.3d 1238, 1240 (10th Cir. 2000); Freeman v. Dep't of Corr., 949 F.2d 360, 361 (10th Cir. 1991).

The same standards that govern a motion to dismiss under rule 12(b)(6) also govern a motion for judgment on the pleadings under rule 12(c).  See Atl. Richfield Co. v. Farm Credit Bank, 226

F.3d 1138, 1160 (10th Cir. 2000).  Under rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994).  The sufficiency of a complaint is a question of law, and when considering and addressing a rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor.  See Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006); Hous. Auth. of Kaw Tribe v. City of Ponca City, 952 F.2d 1183, 1187 (10th Cir. 1991).

A complaint challenged by a rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but a plaintiff's obligation to set forth the grounds of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. at 1965 (internal citation omitted).  "[T]he Supreme Court [of the United States] recently . . . prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. at 1967, 1969).  "The [Supreme] Court explained that a plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss."  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d at 1177 (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. at 1974)(alterations omitted).  "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded

claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a

reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C.

v. Schneider, 493 F.3d at 1177.   The Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a
> complaint: if they are so general that they encompass a wide swath of conduct, much
> of it innocent, then the plaintiffs "have not nudged their claims across the line from
> conceivable to plausible."  The allegations must be enough that, if assumed to be
> true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Bell Atl. Corp. v. Twombly,

127 S Ct. at 1974)(internal citations omitted).

> This requirement of plausibility serves not only to weed out claims that do not (in the
> absence of additional allegations) have a reasonable prospect of success, but also to
> inform the defendants of the actual grounds of the claim against them.  "Without
> some factual allegation in the complaint, it is hard to see how a claimant could
> satisfy the requirement of providing not only 'fair notice' of the nature of the claim,
> but also 'grounds' on which the claim rests."  [Bell Atl. Corp. v. Twombly, 127
> S.Ct.] at 1965 n. 3.  See Airborne Beepers & Video, Inc. v. AT & T Mobility L.L.C.,
> 499 F.3d 663, 667 (7th Cir. 2007) ("[A]t some point the factual detail in a complaint
> may be so sketchy that the complaint does not provide the type of notice of the claim
> to which the defendant is entitled under Rule 8.").  The Twombly Court was
> particularly critical of complaints that "mentioned no specific time, place, or person
> involved in the alleged conspiracies." 127 S. Ct. at 1971 n. 10. Given such a
> complaint, "a defendant seeking to respond to plaintiffs' conclusory allegations . .
> . would have little idea where to begin."  Id.

Robbins v. Oklahoma, 519 F.3d at 1248.

In determining the sufficiency of a complaint, all well-pleaded factual allegations are to be

taken as true. See Timpanogos Tribe v. Conway, 286 F.3d 1195, 1204 (10th Cir. 2002).

"Nevertheless, conclusory allegations without supporting factual averments are insufficient to state

a claim upon which relief can be based."  Hall v. Belman, 935 F.2d 1106, 1110 (10th Cir. 1991).

"Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true

only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  Id.  Only well-

pleaded facts, as distinguished from conclusory allegations, are admitted when considering a motion to dismiss for failure to state a claim upon which relief can be granted.  See Smith v. Plati, 258 F.3d 1167, 1174 (10th Cir. 2001).

A court must convert a motion to dismiss into a motion for summary judgment if "matters outside the pleading are presented to and not excluded by the court," and "all parties . . . [must be] given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(d).  Facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment.  See Grynberg v. Koch Gateway Pipeline Co., 390 F.3d 1276, 1279, n.1 (10th Cir. 2004)(citing 27A Fed. Proc., L.Ed. § 62:520 (2003)). Furthermore, when considering a motion to dismiss, "the court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." Van Woudenberg v. Gibson, 211 F.3d 560, 568 (10th Cir. 2000) abrogated on other grounds by McGregor v. Gibson, 248 F.3d 946, 955 (10th Cir. 2001). A court may consider documents to which the complaint refers if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.  See Jacobsen v. Deseret Book Co., 287 F.3d 936, 941-42 (10th Cir. 2002).  If, however, a document is not incorporated by reference or attached to the complaint, but is referred to in the complaint and is central to the plaintiff's claim, the defendant may submit an "indisputably authentic copy to the court to be considered on a motion to dismiss."  GFF Corp. v. Assoc. Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997).  See 5A C.  Wright & A. Miller, Federal Practice & Procedure § 1327 (3d ed. 2004)("[W]hen the plaintiff fails to introduce a pertinent document as part of her pleading . . . the defendant may introduce the document as an exhibit to a motion attacking the sufficiency of the pleading.").

## NMSA 1978 § 37-1-23A

Under New Mexico law, "[g]overnmental entities are granted immunity from actions based on contract, except actions based on a valid written contract."  NMSA 1978 § 37-1-23A.  "Section 37-1-23(A) is designed as a prophylactic measure to protect the public treasury . . . .  To protect the taxpayer, the statute puts the risk of loss on those seeking promises from government; it requires at a minimum that they obtain a valid written contract in order to maintain a lawsuit to enforce those promises."  University of New Mexico Police Officer's Association v. University of New Mexico, 138 N.M. 360, 365, 120 P.3d 442, 447 (2005) (citations omitted).  The Supreme Court of New Mexico has held that "the State is immune from liability in quantum meruit, implied contract, or unjust enrichment."  Eaton, Martinez & Hart, P.C. v. University of New Mexico Hosp., 123 N.M. 76, 79, 934 P.2d 270, 273 (1997).  Although New Mexico courts have held that the state is immune from implied-contract suits, the question remains open whether it is possible to sue a state entity for breach of the covenant of good faith and fair dealing.

## THE COVENANT OF GOOD FAITH AND FAIR DEALING

"Whether express or not, every contract imposes upon the parties a duty of good faith and fair dealing in its performance and enforcement."  Watson Truck & Supply Co., Inc. v. Males, 111 N.M. 57, 60, 801 P.2d 639, 642 (1993) (citations omitted).  "Broadly stated, the covenant requires that neither party do anything which will deprive the other of the benefits of the agreement."  Id., 801 P.2d at 642 (internal quotation marks omitted).  The Supreme Court of New Mexico has expressed reluctance, however, to use the covenant of good faith and fair dealing "under circumstances where . . . it may be argued that from the covenant there is to be implied in fact a term or condition necessary to effect the purpose of a contract."  Id., 801 P.2d at 642.

The Supreme Court of New Mexico has also stated that it will not "apply an implied

covenant of good faith and fair dealing to override express provisions addressed by the terms of an integrated, written contract." Melnick v. State Farm Mut. Auto. Ins. Co., 106 N.M. 726, 731, 749 P.2d 1105, 1110 (1988).  In Melnick v. State Farm Mut. Auto. Ins. Co., State Farm terminated the plaintiff's State Farm Insurance Agency and ordered him to cease operations.  See id. at 727, 749 P.2d at 1106.  In his lawsuit, the plaintiff in Melnick v. State Farm Mut. Auto. Ins. Co. asserted that State Farm Breached an implied covenant of good faith and fair dealing when it terminated his insurance agency.  See id. at 727, 749 P.2d at 1106.

The Supreme Court of New Mexico in Melnick v. State Farm Mut. Auto. Ins. Co. held that a directed verdict was appropriate on that issue, "not because there was a complete absence of evidence of bad faith to support Melnick's claim, but because we do not recognize a cause of action for breach of an implied covenant of good faith and fair dealing in an at-will employment relationship." Id. at 729-30, 749 P.2d at 1108-09.  Contracting parties "may agree to terminate an agreement upon any terms that are fair and just, and either at the option of one or both of the participants. Contractual provisions relating to termination or cancellation of an agreement not arrived at by fraud, or unconscionable conduct, will be enforced by law." Smith v. Price's Creameries, Div. of Creamland Dairies, Inc., 98 N.M. 541, 546, 650 P.2d 825, 830 (1982).

## ANALYSIS

The DVR has argued that, because of the nature of Isengard's breach-of-contract claim, dismissal is proper.  As DVR reads the Complaint, the heart of Isengard's breach-of-contract claim is that the DVR terminated Isengard wrongfully and breached the covenant of good faith and fair dealing.  The DVR urges the Court to find that a suit for breach of the covenant of good faith and fair dealing does not lie against a state entity, because such a suit is grounded in an implied contractual duty.  The Court does not believe, however, that it needs to decide the broad question

-12-

whether it is possible to sue state entities for breach of the covenant of good faith and fair dealing. New Mexico case law establishes that the breach-of-covenant claim that Isengard has attempted to bring is not recognized in New Mexico.  Thus, based on New Mexico law and on the wording of the termination clause in the contract, the Court agrees that Isengard has no cause of action under the covenant of good faith and fair dealing for the termination of his contract.  Even so, a fair reading of the Complaint convinces the Court that Isengard has pled facts that, if true, give rise to a breach-of-contract claim.  The Court will therefore grant the motion to dismiss in part and deny it in part.

## I.      THE COURT WILL EXAMINE THE CONTRACT TO WHICH THE PLEADINGS MAKE REFERENCE.

If a document is not incorporated by reference or attached to the complaint, but is referred to in the complaint and is central to the plaintiff's claim, the defendant may submit an "indisputably authentic copy to the court to be considered on a motion to dismiss."  GFF Corp. v. Assoc. Wholesale Grocers, Inc., 130 F.3d at 1384.  See 5A C.  Wright & A. Miller, Federal Practice & Procedure § 1327 (3d ed. 2004)("[W]hen the plaintiff fails to introduce a pertinent document as part of her pleading . . . the defendant may introduce the document as an exhibit to a motion attacking the sufficiency of the pleading.").

Isengard's Complaint refers to "a valid and binding written contract," and asserts that the DVR breached that contract.  Complaint ¶ 33, at 6.  Isengard did not attach a copy of the contract at issue to his Complaint.  The DVR, however, attached a copy of the contract to its motion to dismiss.  No party has disputed the authenticity of the contract.  Because the contract is central to the breach-of-contract claim, because the DVR has followed the proper procedure for presenting the contract to the Court, and because there is no dispute about its authenticity, the Court can properly consider the contract in deciding this motion.  The Court need not, by doing so, convert this motion

into a motion for summary judgment.

## II.   ISENGARD CANNOT PROPERLY SUE FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING FOR HIS TERMINATION.

"Governmental entities are granted immunity from actions based on contract, except actions based on a valid written contract."  NMSA 1978 § 37-1-23A.  Isengard contends that his breach-of-contract claim is based on a valid written contract and that the DVR, a governmental entity, is therefore not immune to suit on that contract.  The DVR argues, however, that Isengard's breach-of-contract claim consists only of the claim for breach of the covenant of good faith and fair dealing, and that such a suit is not possible under NMSA 1978 § 37-1-23A.  The Court finds that it is not necessary to decide whether, and under what circumstances, a party may sue a state entity for breach of the covenant of good faith and fair dealing.

New Mexico courts have adopted the position that they "do not recognize a cause of action for breach of an implied covenant of good faith and fair dealing in an at-will employment relationship."  Melnick v. State Farm Mut. Auto. Ins. Co. 106 N.M. at 729-30, 749 P.2d at 1108-09. Isengard's claim for breach of the covenant of good faith and fair dealing, to the extent that the claim is based on the DVR terminating his Contract, is similar to the class of at-will employment relationships for which such a claim is not available.  The contract states:

> This Agreement may be terminated by either of the parties hereto for any reason whatsoever upon written notice delivered to the other party at least 10 days prior to the intended date of termination.  By such termination, neither party may nullify obligations already incurred for performance or failure to perform prior to the date of termination.  This provision is not exclusive and does not waive other legal rights and remedies afforded the State in such circumstances as Contractor's Default/Breach of Contract.

Contract at 3 (emphasis added).  Thus, either party has the right to terminate the contract for any reason, provided the terminating party gives timely written notice.

The Court will not "apply an implied covenant of good faith and fair dealing to override express provisions addressed by the terms of an integrated, written contract." Melnick v. State Farm Mut. Auto. Ins. Co., 106 N.M. 726, 731, 749 P.2d 1105, 1110.  The Supreme Court of New Mexico has held that contracting parties "may agree to terminate an agreement upon any terms that are fair and just, and either at the option of one or both of the participants. Contractual provisions relating to termination or cancellation of an agreement not arrived at by fraud, or unconscionable conduct, will be enforced by law." Smith v. Price's Creameries, Div. of Creamland Dairies, Inc., 98 N.M. 541, 546, 650 P.2d at 830.

Isengard insists that he had a valid, written contract with the DVR.  If that contention is true, the Court should enforce the termination clause, which is a part of that Contract, along with the rest of the contract's terms.  Isengard concedes that he is not raising a claim for failure to follow the notice provisions.    See Tr. at 15:24-16:3 (Court & Westbrook).  Based on the facts alleged in Isengard's Complaint, the DVR exercised a right that the contract gave it – the right to terminate Isengard for any reason.  The contract provided Isengard with the same right of termination that the DVR had.  The covenant of good faith and fair dealing should not be used to override a lawful term to a contract.

There is no allegation that the DVR obtained Isengard's assent to the termination clause by way of fraud or unconscionable conduct.  Moreover, the termination clause in the contract is not one-sided.  Rather, both parties benefit equally from it.  Isengard could have exercised the same section to terminate the agreement.  Without any allegations of fraud or unconscionable conduct, and given that both parties benefitted from the clause, the Court sees no sound legal or policy reason to decline to enforce the plain language of the termination clause.

In reaching its conclusion, the Court leaves open the question whether a party can ever sue

the state for breach of the covenant of good faith and fair dealing.  The parties dedicated a substantial amount of time at the hearing arguing whether there is a cause of action against the state for breach of the covenant of good faith and fair dealing.  The DVR insists that the cause of action does not exist because the covenant of good faith and fair dealing is implied in contract.  The Court agrees with the point the DVR raised in the briefing that the case law Isengard cites does not support the existence of the cause of action.  Even so, the case law does not preclude it.  Indeed, the Supreme Court of New Mexico has stated: "Whether express or not, every contract imposes upon the parties a duty of good faith and fair dealing in its performance and enforcement."  Watson Truck & Supply Co., Inc. v. Males, 111 N.M. at 60, 801 P.2d at 642 (emphasis added).

The most likely result is that the New Mexico courts would recognize a cause of action for breach of the covenant of good faith and fair dealing against the state, but would limit the circumstances in which the cause of action is available.  New Mexico case law does not foreclose the possibility that such a cause of action might exist under some circumstances.  The Court can imagine a scenario, for example, where the state contracts with a contractor to complete a construction project.  If the state then, with another arm of the government, perhaps to eliminate a project with which it ultimately decides it does not want to follow through, zones the construction project out of existence, New Mexico courts might see it appropriate to allow the contractor to sue the state for breach of the covenant of good faith and fair dealing.  Such events would present a potential breach of the covenant of good faith and fair dealing, because the state took action to prevent the contractor from enjoying the benefits of its contract.  Perhaps a suit for such a breach would be permitted against the state.  The Court need not pass on that question to decide the issues in this case, because even if the cause of action against the state exists, the New Mexico courts would not recognize its existence under the circumstances of this case.

III.     **ISENGARD HAS PLED A CLAIM FOR BREACH OF CONTRACT.**

Isengard insists that his breach-of-contract claim encompasses more than breach of the covenant of fair dealing for the termination of his Contract.  Although the DVR argues that the Complaint's count for breach of contract is only about the termination, the Court believes a fair reading of the Complaint reveals allegations for breach that are unrelated to the termination.  The Court will therefore allow the breach-of-contract claim to proceed on that portion that does not involve allegations about the termination.

Given that this is a motion for judgment on the pleadings, the Court will "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same."  Park Univ. Enterprises, Inc. v. Am. Cas. Co. of Reading, Pa., 442 F.3d at 1244.  The Court must view the facts presented in the pleadings and draw the inferences therefrom in the light most favorable to the nonmoving party.  See Ramirez v. Wal-Mart Stores, Inc., 192 F.R.D. at 304.  Moreover, the same standards that govern a motion to dismiss under rule 12(b)(6) also govern a motion for judgment on the pleadings under rule 12(c).  See Atl. Richfield Co. v. Farm Credit Bank, 226 F.3d 1138, 1160 (10th Cir. 2000).  Under those standards, the Court finds that Isengard has pled facts that, if true, establish a claim for breach of contract independent of the allegations related to his termination.  "The [Supreme] Court explained that a plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d at 1177 (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. at 1974)(alterations omitted).  Isengard has stated a plausible claim under that standard.

The Complaint states: "Defendants DVR and Beene have refused and failed to pay the Plaintiff approximately $25,000 for work performed and billed for under Plaintiff's contract." Complaint ¶ 30, at 6.  The Complaint also alleges that the DVR's actions "proximately caused the

Plaintiff to suffer economic damages in excess of $25,000." Id. ¶ 35, at 6.  Although paragraph 30, which discusses the DVR's and Beene's alleged failure to pay for work already performed, does not appear under the heading styled "Count I - Breach of Contract," the first paragraph under the breach-of-contract heading "incorporates by reference all preceding allegations as if fully set forth [there]in." Id. ¶ 32, at 6.  The incorporated allegation that the DVR has not paid for services rendered does not arise out of the termination, nor does it depend on any allegations that it proximately caused the termination.  Rather, the allegation represents an independent basis for recovering under the Contract.

On a motion for judgment on the pleadings, the Court must accept as true Isengard's factual allegations and must make reasonable inferences in his favor.  Doing that, the Court cannot fairly say that he has failed to state a claim for breach of contract.  Rather, the facts that Isengard has alleged are enough to put the Defendants on notice of what Isengard seeks.

The contract clause that precludes the breach-of-covenant claim for the termination also includes language establishing that, "[b]y such termination, neither party may nullify obligations already incurred for performance or failure to perform prior to the date of termination."  Contract at 3.  Thus, the contracting parties preserved their rights to enforce obligations already incurred before the termination date.  If Isengard's allegations are true, and the DVR has refused to pay him for services he already performed, Isengard might be able to recover for breach of contract.  At this stage, it would therefore be improper to completely dismiss his breach-of-contract claim.

The DVR has conceded that the Complaint makes some mention of contractual issues outside the termination.  The DVR insists, however, that the other contract issues that Isengard raises are dependent on the breach-of-covenant claim arising out of the termination.  The DVR also maintains that the Complaint does not clearly allege breach-of-contract issues separate from the

termination.  See Tr. at 14:24-15:7 (Baker).  The Court disagrees.  The allegation Isengard lays out

in paragraph 30 of his Complaint – that the DVR owes and refuses to pay $25,000.00 in services

already performed – does not depend on the termination.  If the contract were still in force, and if

the DVR had never terminated him, Isengard would still be able to pursue a breach-of-contract claim

to go after payment for the services he already rendered.

Furthermore, the mention of $25,000.00 as a baseline or starting point for damages in Count

I  – Breach of Contract suggests that Isengard holds the view that the $25,000.00 that the DVR

allegedly owes to him is at the forefront of his breach-of-contract claim.  It would be unfair to fault

and to potentially dismiss Isengard's claim for breach of contract for Isengard's attorney's inartfully

drafting his Complaint and omitting an express reference, under the heading for Count I – Breach

of Contract, to the uncompensated services.  The Complaint sets forth an allegation that Count I –

Breach of Contract, incorporates.  That allegation gives rise to a claim that is sufficiently viable to

survive judgment on the pleadings.[2]

In sum, the Court finds that it would be inappropriate to grant the motion to dismiss Count

I entirely.  Rather, the Court believes it is appropriate to allow the breach-of-contract claim to go

forward, albeit with some limitations.  Accordingly, the Court will dismiss any claim for breach of

the covenant of good faith and fair dealing arising of the termination.  The Court will, however,

allow Isengard to proceed on his breach-of-contract claim for the $25,000.00 that he alleges the

---

[2] At the hearing, Isengard argued that the DVR breached the Contract by not paying him for costs and expenses that he incurred in closing out the Contract.  See Tr. at 16:13-19 (Westbrook).  Isengard did not make it clear whether these close-out damages were part of the $25,000.00 or whether they represent a separate set of damages.  The Court has carefully reviewed the Complaint and has not found allegations of such damages.  Given that the Complaint does not allege such damages, the Court finds that Isengard has not stated a separate claim for costs and expenses related to closing out his Contract.

DVR owes him for the work he has already done and for which he has not received payment.  The

Court will therefore grant the motion to dismiss in part and deny it in part.

      **IT IS ORDERED** that the DVR's Motion for Partial Summary Judgment on the Pleadings

is granted in part and denied in part.


_____
UNITED STATES DISTRICT JUDGE


*Counsel*:

Maureen A. Sanders
Duff H. Westbrook
Sanders & Westbrook, P.C.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Mark T. Baker
Long Pound & Komer. P.A.
Santa Fe, New Mexico

 -- and --

John S. Stiff
Ann L. Keith
John S. Stiff & Associates, LLC
Albuquerque, New Mexico

    *Attorneys for Defendants New Mexico Public*
     *Education Department, Division of Vocational*
     *Rehabilitation, Gary Beene, and Celestino Jaramillo*

John S. Stiff
Ann L. Keith
John S. Stiff & Associates, LLC
Albuquerque, New Mexico

*Attorneys for the Defendant Gary Cordova*